UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL CASA ASSOCIATION,

                Petitioner,

    v.

UNCOMMON BOND INC.,

                Respondent.

Case No. C21-1511-RSM-SKV

ORDER GRANTING MOTION FOR
ALTERNATIVE SERVICE

INTRODUCTION

This matter comes before the Court on Petitioner National CASA Association d/b/a National CASA/GAL Association for Children (National CASA)'s *Ex Parte* Motion for Alternative Service. Dkt. 4. Respondent unCommonBond Inc. d/b/a 3dASAP Promotional Solutions (3dASAP) has not yet appeared in this matter. The Court, for the reasons set forth below, GRANTS Petitioner's motion for alternative service.

BACKGROUND

National CASA is a Washington public benefit corporation with its principal place of business in Seattle, Washington. Dkt. 1, ¶1. 3dASAP is a Texas corporation with its principal place of business in the Austin, Texas area. *Id.*, ¶2. Glenda Pittard is 3dASAP's sole officer and

director and its registered agent, with a registered office located at 4101 Dauphine Drive, Austin, Texas (the "Registered Office").  Dkt. 5, ¶3, Exs. 1-3.  3dASAP is not registered to do business in Washington, has not appointed a Washington registered agent, and does not have a place of business in Washington.  *Id.*, ¶6.

National CASA and 3dASAP are parties to a Business Transference Agreement for Online Store ShopCASA (the "Agreement").  Dkt. 1, ¶8; Dkt. 1-1.  Under the Agreement, National CASA transferred all business acts and responsibilities for the ShopCASA e-commerce site, which offers CASA-branded items, to 3dASAP.  *Id.*  The Agreement includes a binding arbitration clause, requiring arbitration of disputes in accordance with the rules of Judicial Arbitration and Mediation Services, Inc. (JAMS).  Dkt. 1-1 at § 5.8; Dkt. 5, ¶6.

National CASA alleges multiple material breaches of the Agreement by 3dASAP, also violating separate license and associated brand guidelines, federal trademark law, and Washington's Consumer Protection Act.  *See* Dkt. 1.  On May 12, 2021, pursuant to the Agreement, National CASA provided 3dASAP with a sixty-day formal notice of breach and opportunity to cure.  *Id.*, ¶¶10-11.  National CASA sent the notice via certified mail to the address for 3dASAP provided in the Agreement – 15503 Patricia Street, Austin, Texas (the "Patricia Street Address") – and to the address listed on the "shopcasa.org" website – 1904 Main Street, Cedar Park, Texas (the "Main Street Address") – and emailed the notice to Ms. Pittard at glenda.pittard@3dASAP.com, the email address previously used by National CASA to contact Ms. Pittard.  Dkt. 5, ¶5; Dkt. 1-1.  The letters were not returned undelivered and the email did not "bounce back" as undeliverable.  Dkt. 5, ¶5.  3dASAP did not respond to the notice.  Dkt. 1, ¶12; Dkt. 5, ¶¶10-11.

National CASA prepared an Arbitration Demand and, because JAMS requires proof of service of the demand before commencing an arbitration proceeding, secured a process server to serve 3dASAP.  Dkt. 5, ¶6.  On August 12, 2021, the process server attempted to personally serve the Arbitration Demand on 3dASAP via its registered agent, Ms. Pittard, at the Registered Office.  *Id.*, ¶7, Ex. 4.  In another attempt two days later, the process server was told by a resident at the address that Ms. Pittard resided there, but was not available because she was on vacation and "not due back for about a month and a half."  *Id.*  The process server thereafter attempted to personally serve Ms. Pittard at the Registered Office on five additional occasions between the 11th and 21st of September 2021.  *Id.*

In October 2021, National CASA retained an investigator, Robert Agnew, to locate current addresses for Ms. Pittard and 3dASAP.  *Id.*, ¶8; Dkt. 6, ¶3.  Mr. Agnew determined that the Registered Office address is Ms. Pittard's current and private residential address and that she also spends a significant amount of time, for extended periods, in San Miguel de Cozumel, Mexico.  Dkt. 6, ¶¶6-8.  Mr. Agnew also determined that Ms. Pittard had sold the Patricia Street Address, that another address previously associated with Ms. Pittard and 3dASAP was outdated, and that the Main Street Address is a private residence associated with Stephanie Stewart, who may be Ms. Pittard's business partner.  *Id.*  A search by counsel for information about Ms. Stewart did not reveal her title or whether she had authority to accept service of process.  Dkt. 5, ¶10.

National CASA filed a Petition to Compel Arbitration in this Court on November 8, 2021.  Dkt. 1.  It engaged a process server to serve the Petition and Summons on Ms. Pittard at the Registered Office address.  Dkt. 5, ¶11.  On November 11, 2021, the process server was told by a resident at that address that Ms. Pittard was out of the country and "probably will not return

1   for a while." Dkt. 7.  On further investigation, Mr. Agnew found social media posts dated in

2   October 2021 and suggesting that, as of that date and continuing through at least November 18,

3   2021, Ms. Pittard was still in the Cozumel area of Mexico.  Dkt. 6, ¶9, Exs. 1-3.

4                                              DISCUSSION

5          A federal court lacks jurisdiction over a defendant unless the defendant has been properly

6   served in accordance with Federal Rule of Civil Procedure 4.  *Direct Mails Specialists, Inc. v.*

7   *Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  "Rule 4 is a flexible rule

8   that should be liberally construed so long as a party receives sufficient notice of the complaint."

9   *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

10          Pursuant to Federal Rule of Civil Procedure 4(h)(1), a corporation served in a judicial

11  district of the United States must be served either "in the manner prescribed by Rule 4(e)(1) for

12  serving an individual" or "by delivering a copy of the summons and complaint to an officer, a

13  managing or general agent, or any other agent authorized . . . to receive service of process and . .

14  . by also mailing a copy" of the summons and complaint to the defendant.  Fed. R. Civ. P.

15  4(h)(1)(A)-(B).  Rule 4(e)(1) allows for service by "following state law for serving a summons in

16  an action brought in courts of general jurisdiction in the state where the district court is located

17  or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).

18          National CASA here moves to order alternative service on 3dASAP in accordance with

19  the law of Texas, the location of Defendant's principal place of business and the "state . . .where

20  service is made" under Rule 4(e)(1).  Under Texas law, service of process on a defendant

21  corporation is governed by the Texas Business Organizations Code.  *AAA Navi Corp. v. Parrot-*

22  *Ice Drink Prod. of Am., Ltd.*, 119 S.W.3d 401, 403 (Tex. App. 2003) (citing to Tex. Bus. Corp.

23  Act, the former version of the Tex. Bus. Orgs. Code).  The Code requires corporations to

ORDER GRANTING MOTION FOR
ALTERNATIVE SERVICE - 4

maintain a registered agent and office and to notify the Texas Secretary of State of any change in either the registered agent or office.  Tex. Bus. Orgs. Code Ann. §§ 5.201 –.202.  It provides for service of process on a corporation's registered agent or on the corporation's president or vice president.  *Id*. at §§ 5.201(b), 5.255(1).

The Code also permits the Texas Secretary of State to act as "an agent of an entity for purposes of service of process, notice, or demand" if "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity[.]"  *Id*. at § 5.251.  "The use of reasonable diligence in attempting to serve a corporation's agent is a prerequisite to attempting service through the secretary of state." *AAA Navi Corp.*, 119 S.W.3d at 401; *see also Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. 2013) (strict compliance with diligence requirement is required).

In determining the existence of reasonable diligence, the Court may consider "upon whom the attempted service of process was made, where, when, how, and in what capacity." *Paramount Credit, Inc.*, 420 S.W.3d at 231 (finding a default judgment cannot be affirmed unless such facts are "clear from the face of the record.")  There need not be an attempt to find the registered agent at any location other than the corporation's registered office.  *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 826-27 (Tex. Ct. App. 2012).  "As long as the record as a whole shows that the registered agent could not with reasonable diligence be found at the registered office, Section 5.251(1)(B) permits service on the secretary of state."  *Id*. (citation omitted).  One attempt at service on the registered agent at the registered office suffices to show reasonable diligence "when it is clear from the record that further attempts would be futile."  *Paramount Credit, Inc.*, 420 S.W.3d at 232; *accord BLS Dev., LLC*, 359 S.W.3d at 827-28 (citing cases finding same).

1    National CASA here provides declarations of counsel, a process server, and Mr. Agnew.

2    *See* Dkts. 5-7.  It shows attempted service of process on Ms. Pittard, 3dASAP's registered agent

3    and sole officer and director, at 3dASAP's Registered Office and that the process server was told

4    Ms. Pittard was out of the country for an indeterminate period of time.  *See* Dkt. 7 (Declaration

5    of Non-Service of summons and petition in care of registered agent Glenda Pittard at registered

6    office, located at 4101 Dauphine Dr., Austin, TX, 78727, on November 11, 2021 at 6:50 p.m.;

7    stating:  "I spoke with an individual who indicated they were the resident. 'Glenda Pittard is out

8    of the country and probably will not return for a while.'")  This evidence, and the record as a

9    whole, suffices to show the reasonable diligence required under Texas state law to permit service

10   on 3dASAP via service on the Texas Secretary of State pursuant to Section 5.251(1)(B) of the

11   Texas Business Organizations Code.  *Id.*; Dkt. 5, ¶¶3, 7 & Exs. 1-4 (including Declaration of

12   Non-Service of demand for arbitration in care of Ms. Pittard at the Registered Office address

13   outlining seven failed attempts at service between August 12th and September 21st of 2021);

14   Dkt. 6, ¶¶3-10 (outlining investigation into addresses associated with 3dASAP and Ms. Pittard

15   and evidence suggesting Ms. Pittard continued to be out of the country through late November

16   2021).  *See, e.g.*, *XIFIN, Inc. v. Diagnostic Lab Servs., LP*, C18-0890, 2019 WL 6118460, at *3

17   (S.D. Cal. Nov. 18, 2019) (finding an initial attempt to serve at the defendant's principal place of

18   business and a subsequent attempt to find a current address constituted reasonable diligence and

19   service to the Secretary of State therefore proper under Texas law and compliant with Fed. R.

20   Civ. P. 4).

21   National CASA also points to a recently amended Texas court rule providing that, after

22   personal service has been attempted, a court may authorize service "in any other manner,

23   including electronically by social media, email, or other technology," that the Court finds "will

1   be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).  A

2   motion seeking such service must be supported by a sworn statement "listing any location where

3   the defendant can probably be found" and setting forth specific facts showing that personal or

4   registered mail service has been attempted without success.  Tex. R. Civ. P. 106(b).  *See also*

5   *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("Substitute service is not authorized under

6   Rule 106(b) without an affidavit which meets the requirements of the rule demonstrating the

7   necessity for other than personal service.")  "In determining whether to permit electronic service

8   of process, a court should consider whether the technology actually belongs to the defendant and

9   whether the defendant regularly uses or recently used the technology."  Tex. R. Civ. P. 106, Cmt.

10  to 2020 Change.

11         National CASA shows that personal service was unsuccessfully attempted and identifies

12  three email addresses associated with 3dASAP and/or recently used by Ms. Pittard.  Dkt. 5, ¶11,

13  13-14 & Ex. 5; Dkt. 7.  It asserts that, because Ms. Pittard appears to be conducting business

14  remotely, from an unknown address outside of the country, service by email is appropriate and

15  will provide further reassurance that 3dASAP will be provided reasonable notice.  The Court, for

16  the reasons set forth above, finds service appropriately effectuated on the Texas Secretary of

17  State pursuant to Section 5.251(1)(B) of the Texas Business Organizations Code.  The Court

18  further finds that, as requested by National CASA, alternative service by email pursuant to Rule

19  106(b)(2) would properly serve the purpose of giving 3dASAP additional notice of this suit.

20                                  <u>CONCLUSION</u>

21         National CASA's *Ex Parte* Motion for Alternative Service, Dkt. 4, is GRANTED.

22  National CASA may effectuate service on 3dASAP by serving the Petition and Summons on the

23  Texas Secretary of State and via email to the three email addresses identified by National CASA

as associated with Ms. Pittard and 3dASAP.  The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 14th day of December, 2021.

S. KATE VAUGHAN
United States Magistrate Judge